**[J-78-2020][M.O. – Donohue, J.]**
**IN THE SUPREME COURT OF PENNSYLVANIA**
**MIDDLE DISTRICT**

| | | |
|---|---|---|
| PENNSYLVANIA ENVIRONMENTAL DEFENSE FOUNDATION, | : | No. 64 MAP 2019 |
| | : | |
| | : | Appeal from the Order of the |
| Appellant | : | Commonwealth Court dated 7/29/19 at |
| | : | No. 228 MD 2012 |
| | : | |
| v. | : | ARGUED: September 17, 2020 |
| | : | |
| | : | |
| | : | |
| COMMONWEALTH OF PENNSYLVANIA, | : | |
| AND GOVERNOR OF PENNSYLVANIA, | : | |
| TOM WOLF, IN HIS OFFICIAL CAPACITY | : | |
| AS GOVERNOR, | : | |
| | : | |
| Appellees | : | |

## *DISSENTING OPINION*

**JUSTICE SAYLOR**                    **DECIDED: July 21, 2021**

I joined the central analysis of Justice Baer's dissent in *Pennsylvania Environmental Defense Foundation v. Commonwealth*, 640 Pa. 55, 161 A.3d 911 (2017), because I found it incongruous to apply private trust law principles to a public trust. *See id.* at 102-116, 161 A.3d at 940-48 (Baer, J., dissenting); *id.* at 117, 161 A.3d at 949 (Saylor, C.J., dissenting). To the degree that I am now bound to do so based on precedent, I obviously favor the narrowest application possible. Accordingly, I would affirm based on the Commonwealth Court's rationale.